**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Todd Anderson, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-00747 |
| ) | |
| v. ) | |
| ) | |
| Elgin Community College, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

# COMPLAINT

Plaintiff, Todd Anderson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Elgin Community College ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* is a federal statute.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have been satisfied.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Romeoville, Illinois.

8. Defendant is a corporation that specializes in higher education.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff worked for Defendant as the director of the truck driving program from March 14, 2022 until his unlawful termination on or around July 24, 2024.

12. As the director of the truck driving program, Plaintiff's duties included, but were not limited to, the following:

2

- Train and direct driver trainers;
- Maintain timesheets, records updating, development of program documents, and develop curriculum;
- Maintain equipment and outdoor classroom facility;
- Work closely with admissions, registration, financial aid, marketing, and the Illinois Secretary of State;
- Convey theories and methodologies of an articulated vehicle, organize class presentations, and grade quizzes and tests;
- Mentor and advise students; and
- Schedule DOT physical, drug, and CDL tests and participate in development workshop sessions.

13. Plaintiff's role is divided 60/40, with 60% being administrative duties and 40% being adjunct teaching.

14. Plaintiff's position requires that he request a work schedule for his adjunct teaching sessions through CurricuNET, which in turn is either approved or denied by the Dean (in Plaintiff's case, Cathy Taylor).

15. Plaintiff suffers from the human immunodeficiency virus (HIV), a lifelong and chronic illness which requires constant medical oversight and treatment, as well as pharmacological interventions.

16. HIV attacks the body's immune system and without treatment, it can lead to AIDS (acquired immunodeficiency syndrome).

17. There is currently no effective cure for Plaintiff's disability.

18. Plaintiff's HIV causes him to experience flu-like symptoms such as fever, fatigue, gastrointestinal issues, changes in appetite, and various infections during flare-ups.

19. Plaintiff's disability substantially affects his major life activities such as sleep, eating, ability to care for himself, bowel movements, and limited movement due to severe pain.

20. Plaintiff's disability also substantially impairs major life activities due to Plaintiff's risk for advancement in the illness as well as the potential for the infection to spread.

21. Regardless of Plaintiff's disability, he was able to perform the essential functions of his job with or without reasonable accommodations.

22. Plaintiff is a "qualified individual" as defined under the ADA.

23. On or about June 10, 2024, Plaintiff notified Defendant via its Chief Human Resources Officer, Anthony Ray, of his status as HIV positive.

24. Plaintiff reiterated that it was important to him that he be granted the protections provided under the ADA and that his status as a member of the LGBTQ community with HIV be kept private.

25. On or around June 13, 2024, Plaintiff's doctor sent documentation to Defendant confirming Plaintiff's disability status.

26. On or about June 20, 2024, Defendant accused Plaintiff of assigning himself work to be paid for and not performing it.

27. Plaintiff was suspended with pay until his termination date, which was set for July 24, 2024.

28. On or about June 21, 2024, Plaintiff filed a complaint regarding discrimination under the Americans with Disabilities Act (ADA), as he believed his suspension to be based upon animus related to his disability.

29. In his communication, Plaintiff highlighted that he believed he was being retaliated against due to disability-based animus.

30. Plaintiff explained that his suspension came without Plaintiff receiving any sort

of corrective action/PIP or other disciplinary action—rather, Plaintiff only began receiving negative performance reviews after disclosing his disability.

31. Stigma surrounding HIV is well documented and remains rampant within society at large.

32. Defendant feared reputational derision and its impact on its program should Plaintiff's status become known.

33. Defendant's Human Resources Department acknowledged receipt of the complaint but did not provide Plaintiff with any further information or follow-up, effectively failing to investigate his concerns.

34. On or about July 24, 2024, Plaintiff was terminated on the grounds of allegedly misusing company time by purportedly assigning himself more adjunct/teaching hours during the day.

35. The manner in which Plaintiff divided his hours was consistent with the practices of other Directors and Teachers at the college.

36. No similarly situated employees outside of Plaintiff's protected class were subject to the same adverse employment action.

37. Further, Plaintiff had no control over "double-dipping" or scheduling adjunct teaching sections when he should have been performing his duties as a director—his schedule could be requested by him and only approved by the Dean.

38. As such, Plaintiff's schedule, hours, and duties were subject to approval and assignment by Defendant or Defendant's agents.

39. Further, Plaintiff had not received any complaints of this nature prior to Defendant

5

becoming aware of Plaintiff's disability.

40. Even more, Plaintiff consistently sent emails detailing his activities to ensure transparency regarding the Truck Driving Program.

41. Plaintiff's performance had been denoted as satisfactory by Defendant until he disclosed his HIV positive status.

42. Ultimately, on or about July 24, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

43. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

49. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

50. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's

disability.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Retaliation)

53. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

54. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

55. During Plaintiff's employment with Defendant, Plaintiff reported disability-based disparate treatment.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

57. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

58. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting disability-based disparate treatment, thereby violating the Americans with Disabilities

Act of 1990, 42 U.S.C. §12101, *et seq*.

60. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

61. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 22, 2025                                        Respectfully submitted,

/s/ *Peyton M. Paschke, Esq.*
Peyton M. Paschke, Esq.
IL Bar No.: 62587
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5450
ppaschke@sulaimanlaw.com
*Attorney for Plaintiff*